**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SIMBI KESIYI WABOTE,

Plaintiff,

-against-

JACKSON UDE,

Defendant.

Civil Action

No:

## COMPLAINT

Plaintiff Simbi Kesiyi Wabote ("Mr. Wabote"), through his undersigned attorneys, as and for his Complaint against Defendant Jackson Ude ("Defendant") alleges as follows:

## STATEMENT OF CASE

1.          Mr. Wabote brings this action for damages and corrective and injunctive relief due to Defendant's brazen and blatant acts of defamation that wrongfully accuses Mr. Wabote of, inter alia, professional misconduct, including taking bribes and engaging in fraud, in his capacity as a Nigerian civil servant whose work includes overseeing compliance with certain content developmental projects within Nigeria.

2.          Defendant's wrongful publications of the defamatory statements, which portray Mr. Wabote as a corrupt and disloyal public servant, have severely harmed and continue to harm Mr. Wabote, who has been contacted by several of his colleagues and family members, among others, expressing shock and outrage toward Mr. Wabote due to the defamatory statements.

3.          Having been informed of the untruthfulness of the defamatory statements – and the damage they were causing Mr. Wabote – Defendant still, to date, has refused to acknowledge the wrongfulness of his conduct or take down the defamatory statements.

4.      Mr. Wabote thus brings this action for, inter alia, damages and to force Defendant to delete and retract the defamatory statements.

## PARTIES

5.      Mr. Wabote is an individual residing in Nigeria.

6.      Upon information and belief, Defendant is an individual residing in Reading, Pennsylvania. A former resident of Nigeria, Defendant is a naturalized citizen of the United States.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

8.      This Court has personal jurisdiction over Defendant since Defendant resides and transacts business in Pennsylvania

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1).

## FACTS RELEVANT TO ALL CLAIMS

### Background

10.      Mr. Wabote is an engineer who serves as Executive Secretary of the Nigerian Content Development and Monitoring Board (the "NCDMB" or "Board"), a position Mr. Wabote has held since late 2016.

11.      Mr. Wabote holds a Bachelor of Science in Civil Engineering from the Rivers State University of Science and Technology, and a Master of Science in Corporate Governance from Leeds Metropolitan University in the United Kingdom. He is an experienced oil and gas professional with over 20 years' experience in the oil and gas industry.

12.      The NCDMB was established by the Nigerian government in 2010 to oversee compliance with Nigerian policy designed to increase participation of Nigerian ventures and workforce in the oil sector.

2

13.     The NCDMB's authority is limited to receiving and reviewing Content Plans submitted by project operators for technical compliance with the Nigerian Oil and Gas Industry Content Development Act.  It is not involved in awarding or approving of any bids.  It does not set policy or manage operations of any projects, nor can it issue any orders to stop work on any project.

14.     In his role within the NCDMB, Mr. Wabote is not personally responsible for the awarding of any oil and gas contracts in Nigeria.  He is merely a career civil servant whose primary role is to manage internal operations within the NCDMB.  He has no law enforcement authority.

15.     Although he maintains his personal social media accounts, Mr. Wabote does not have regular access to the press or mass media.

16.     Mr. Wabote was not elected to the position.

17.     Defendant is a blogger, and upon information and belief, Defendant is the founder and owner of the domain name and website at pointblanknews.com ("Pointblank News"), which is a self-proclaimed Nigerian news platform.

18.     Defendant states that Pointblank News sets out to "promote developmental Journalism and create an enabling environment for people to be able to interact, share opinions and proffer solutions to the many political, social and economic problems facing Nigeria and Africa at large."

19.     In reality, Defendant is a serial defamer that profits by peddling in "fake news." In recent years, Pointblank News has been ordered by several Nigerian courts to restrain publication of false reports and found liable for at least 100 million Nigerian Naira (approximately $263,000) in damages stemming from defamatory articles.

20.     Upon information and belief, Defendant is regularly hired by individuals in Nigeria who wish to publish defamatory articles on business or political rivals on a platform that is well-read by Nigerians, and thus Defendant allows them to publish their defamatory articles on Pointblank News.

3

21.     Upon information and belief, Defendant directs Pointblank News to an audience based overwhelmingly in Nigeria. All, or nearly all, of Defendants' readers are in Nigeria. All, or nearly all, of the advertisers on Defendants' platform are for Nigerian-based businesses. The articles posted on the Website are exclusively about Nigeria.

22.     Defendant claims that Pointblank News enjoys "minimum half a million page views from fifty thousand unique visitors daily."

**Defendant Publishes Defamatory Statements about Mr. Wabote**

23.     On or about February 10, 2021, Defendant caused an article to be published on the Pointblank News entitled: "PETROLEUM MINISTER, SYLVA, IN $25 MILLION BONNY NLNG BRIBERY SCANDAL... WABOTE ALSO FINGERED WITH $2MILLION BRIBE" (the "Defamatory Article").

24.     The hit-piece Defamatory Article attacks and accuses Mr. Wabote (as well as non-party Timipre Sylva) of taking illegal bribes and kickbacks and otherwise engaging in fraud in connection with the work of a subcontractor on a local project.

25.      Specifically, the Defamatory Article contains the following false and defamatory statements made about Mr. Wabote:

    i.    "Also caught in the web of the Bonny NLNG kickback scandal is the Executive Secretary of the Nigerian Local Content Board, Engr. Simbi Wabote, who allegedly collected $2million from a Kelvion, a German equipment manufacturing company."

    ii.    "Wabote allegedly gave a waiver to the German company to export its equipment into Nigeria for the bonny LNG train 7 project against the Nigeria local content policy and against protests from Nigeria local equipment manufacturers."

iii.  "According to sources as soon as Wabote who heads the Local Content Board heard about the kickbacks to Sylva, he devised his own means, fired a letter to Saipem in October 2020, raising concern over noncompliance to Local Content Laws."

iv.  "Saipem, which had subcontracted Kelvion for equipment, swiftly directed them to deal with the Local Content boss. Sources said the German Company and Saipem paid a kickback of $2million to continue importations of equipment and materials from Germany."

v.  "According to the group, the alleged fraud and wanted disregard for local content laws by Saipem is enabled by the NLCB [sic] boss, Wabote."

26.  The above statements are knowingly and materially false.

27.  Mr. Wabote has never participated in any fraud, bribery, or kickbacks scheme.

28.  Mr. Wabote did not receive a $2 million bribe or kickback from Kelvion.

29.  Mr. Wabote nor the NCDMB ever issued any waiver to Kelvion, or ever discussed issuing any such waiver to Kelvion.

30.  Mr. Wabote did not violate any Nigerian laws, NCDMB policies, or any duties he owed to NCDMB.

31.  On or around February 10, 2021, shortly after the Defamatory Article's first publication, Defendant republished the Defamatory Article on Twitter, further publicizing the Defamatory Article and the defamatory statements made therein (the "First Defamatory Twitter Post").

32.  On or around February 11, 2021, Mr. Wabote's Nigerian counsel sent Defendant a cease and desist letter outlining the false statements in the Defamatory Article and demanding its removal or retraction.

33.    Ignoring the cease and desist letter, on or around February 13, 2021, Defendant again took to Twitter to defame Mr. Wabote, this time changing slightly his accusations in the Defamatory Article (by increasing the amount of the non-existent bribe from 2 to 5 million) and posting the following:

> "After collecting $5million bribe from Kelvion to circumvent Nigeria's local content Laws, Simbi Wabote, ES of Nigeria Content Development and Monitoring Board hires a lawyer to sue but suing the wrong company, wrong persons. This is how you know looting can make people stupid!"

(the "Second Defamatory Twitter Post").

34.    The Second Defamatory Twitter Post is knowingly and materially false.

35.    Mr. Wabote did not collect a $5 million bribe from Kelvion, nor has Mr. Wabote ever participated in any scheme to circumvent NCDMB oversight on content development policies.

## FIRST CLAIM FOR RELIEF
### Defamation per se

36.    Mr. Wabote repeats, realleges, and incorporates the preceding paragraphs herein as if fully stated under this claim.

37.    Defendant intentionally made false statements of fact about Mr. Wabote within the Defamatory Article, the First Defamatory Twitter Post, and the Second Defamatory Twitter Post.

38.    The statements were made maliciously and willfully in an attempt to discredit Mr. Wabote and to portray Mr. Wabote as a corrupt and disloyal public servant.

39.    The statements were intended to and did cause harm to Mr. Wabote's business and professional integrity and reputation.

40.    The statements were made with reckless disregard for their truth and/or with knowledge of their falsity, and with wanton and willful disregard of Mr. Wabote's reputation and rights.

6

41.     The statements were made of and concerning Mr. Wabote and were so understood by those who read Defendant's publication of them.

42.     Defendant has no privilege to assert the false and disparaging statements.

43.     As a direct and proximate result of Defendant's unlawful, deliberate, and malicious conduct as set forth above, Mr. Wabote has been, and will continue to be, damaged both irreparably and monetarily.

## **PRAYER FOR RELIEF**

44.     **WHEREFORE**, by reason of the acts and circumstances alleged herein, Mr. Wabote seeks relief from this Court as follows:

a.   Judgment on the claim set forth above;

b.   An award of compensatory damages according to proof at trial, but in an amount no less than ten million dollars ($10,000,000), as well as punitive and exemplary damages where authorized;

c.   An order enjoining Defendant and those in active concert with Defendant from publishing any further defamatory statements concerning Mr. Wabote;

d.   An order directing Defendant to delete and remove the Defamatory Article, the First Defamatory Twitter Post, the Second Defamatory Twitter Post, and any publications of the defamatory statements;

e.   An order directing Defendant to undertake such remedial efforts as the Court deems necessary to restore Mr. Wabote's reputation;

f.   Prejudgment and post-judgment interest at the applicable rate;

g.   An award for reasonable attorney's fees, costs and disbursements, where applicable; and

h.   Such other and further relief the Court deems proper and just.

## **DEMAND FOR TRIAL BY JURY**

Please take notice that Mr. Wabote hereby demands trial by jury for all issues so triable.

**RULE 44.1 NOTICE OF RELIANCE ON FOREIGN LAW**

Please take notice that pursuant to Federal Rule of Civil Procedure 44.1, Mr. Wabote hereby gives notice of his intent to rely on Nigeria's civil defamation and libel law, including Nigeria's common-law and caselaw.


Respectfully Submitted:
**WOLF, BALDWIN, & ASSOCIATES P.C.**

Joshua D Macel, Esquire
PA #310507
PO Box 444
Pottstown, PA 19464
jmacel@wolfbaldwin.com
610-323-7436


**LEWIS & LIN, LLC**

/s/ David D. Lin
David D. Lin, Esq.
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@iLawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326
*Attorneys for Plaintiff Mr. Wabote*